*533 OPINION.
Smith:
The taxpayers claim the right to deduct from gross income, in a partnership tax return filed for the year 1917, $.15,955, representing the cost to the partnership of a one-half interest in an invention and patent application made by one Engstrom; also the right to a deduction of $100 contributed to the American Red Cross.
In their petition the taxpayers do not specify the proyision of the statute which entitles them to claim a deduction of a loss of $15,955. It was not contended at the hearing that it was an ordinary and necessary expense, but it was contended that the amount which had been spent was upon an invention which the taxpayers determined was worthless at the close of 1917. Ro contention was made that Engstrom was in any way obligated to pay them' back the amount expended by them, either in advances to himself for labor performed or for the cost of constructing the check writer and adding machine. The Board finds no basis for the allowance of the amount as a debt ascertained to have been worthless and charged off within the year. The losses which a partnership may deduct from gross income are those “ * * ⅜ actually sustained during the year, incurred in his business or trade, * * * when such losses are not compensated for by insurance or otherwise.” Section 5 (a), Revenue Act of 1916. We think that the evidence in this cáse does not show that the taxpayers actually sustained a loss during the. year 1917 in respect of the investment made in Engstrom’s invention. Engstrom succeeded in May, 1918, and eventually the taxpayers realized $10,000 cash from their interest in the invention. Whatever loss was sustained from the investment was in the year 1918 and not in 1917.
In the income-tax return for the year 1917 the taxpayer claimed the deduction of $100 as a contribution to the American Red Cross, which deduction was disallowed by the Commissioner. The partnership return was made under the provisions of the Revenue Act of 1917. In section 206 of that Act, Congress has specifically allowed to a partnership, in computing its net income for excess-profits tax purposes, the same deductions to which an individual is entitled in computing his net income for income tax purposes under the Revenue Act of 1916, as amended by the Revenue Act of 1917. Under the Revenue Act of 1916, as amended, an individual is entitled to deduct, in computing his net income, contributions or gifts actually made within the year to corporations or associations organized and operated exclusively for charitable purposes. The American Red Cross is such an organization. Therefore, the taxpayer was entitled to deduct from gross income for the year 1917 the $100 in question.